O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JUVENAL AMEZQUITA,<br><br>Plaintiff,<br><br>v.<br><br>MARCOS RODRIGUEZ; ELVIRA RODRIGUEZ; and DOES 1-10, inclusive,<br><br>Defendants. | Case № 2:16-cv-05115-ODW (AGR)<br><br>**ORDER REMANDING ACTION AND DENYING AS MOOT REQUEST TO PROCEED IN FORMA PAUPERIS [3]** |

On July 12, 2016, Defendant Marcos Rodriguez removed this unlawful detainer action to federal court based on both diversity jurisdiction and federal question jurisdiction. (ECF No. 1.) After reviewing Defendant's Notice of Removal and the underlying Complaint, it is clear that no federal subject matter jurisdiction exists. Consequently, the Court *sua sponte* **REMANDS** this action to state court.[1]

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court

---

[1] After carefully considering Defendants' Notice of Removal and the documents filed in support thereof, the Court deems the matter appropriate for *sua sponte* decision. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

1 may be removed to federal court only if the federal court would have had original
2 jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original
3 jurisdiction where an action arises under federal law, *id.* § 1331, or where each
4 plaintiff's citizenship is diverse from each defendant's citizenship and the amount in
5 controversy exceeds $75,000, *id.* § 1332(a).

6 The removal statute is strictly construed against removal, and "[f]ederal
7 jurisdiction must be rejected if there is any doubt as to the right of removal in the first
8 instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking
9 removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed*
10 *Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The court may remand the action
11 *sua sponte* "[i]f at any time before final judgment it appears that the district court
12 lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United Inv'rs Life*
13 *Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

14 "[T]he presence or absence of federal-question jurisdiction is governed by the
15 well-pleaded complaint rule, which provides that federal jurisdiction exists only when
16 a federal question is presented on the face of the plaintiff's properly pleaded
17 complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083,
18 1091 (9th Cir. 2009) (quoting *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475
19 (1998) (internal quotation marks omitted). Plaintiff's Complaint prays for relief for
20 unlawful detainer solely based on California's Code of Civil Procedure § 1661a.
21 (ECF No. 1 Ex. C, Complaint.) Because a claim for unlawful detainer does not by
22 itself present a federal question or necessarily turn on the construction of federal law,
23 no basis for federal question jurisdiction appears on the face of the Complaint.[2] At
24 best, Defendants can only assert federally-based defenses, which are not considered

---

[2] *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (holding that a single claim for unlawful detainer under state law did not provide a basis for federal question jurisdiction); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (same).

when evaluating jurisdiction. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Nor is there any basis for diversity jurisdiction. Plaintiff requests damages at the rate of $51.66 per day from May 24, 2016 (i.e., 54 days total). (Compl. ¶¶ 11, 17.) This amounts to $2,789.64, which is far less than the required amount in controversy of $75,000. 28 U.S.C. § 1332(a).

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court, County of Los Angeles, Case No. 16U06415, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Court **DENIES AS MOOT** Defendant's Request to Proceed In Forma Pauperis. (ECF No. 3.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

July 19, 2015

_____
           **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**